IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

DIANNE TACKET                                                                                    PLAINTIFF

VS.                                                           CIVIL ACTION NO.: 3:15-cv-45-NBB-JMV

GUARDIAN LIVE INSURANCE COMPANY                                                     DEFENDANTS
OF AMERICA, ET AL.

## ORDER

This matter is before the court on Plaintiff's Renewed Motion for Remand-Related Discovery [36] and Motion for Joinder [28]. Upon due consideration of the motions, the court finds they are not well-taken and should be denied as follows.

### Plaintiff's Renewed Motion for Remand-Related Discovery

As discussed more fully at the recent telephonic hearing, Plaintiff's motion to conduct remand-related discovery is denied because it fails to satisfy the dictates of *Smallwood v. Illinois Central Railroad Co.* 385 F.3d 568 (5th Cir. 2004). *Smallwood* holds a party seeking discovery on the remand-related issue of improper joinder must sharply tailor its request and make a showing of its necessity. *Id.* at 574. Smallwood further addresses the necessity of "a summary inquiry [in certain cases in order] to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.* at 586. The non-diverse defendant in the instant case has, however, not requested such discovery. Nevertheless, Plaintiff seeks a broad range of discovery for the asserted purpose of learning undisputed facts that might "evidenc[e] the possibility of [a] recovery against Advanced Healthcare...." Pl.'s Renewed Mot. for Remand-Related Disc. [36] at 4. This is an untenable position as explained below.

The instant case was removed to this court on federal question jurisdiction and diversity jurisdiction, and the instant motion regards the latter basis for removal. The defendants argue the

complaint fails to state any cognizable claim against Advanced Healthcare. Thus, Defendants contend Advanced Healthcare was not properly joined – evidencing a circumstance of "fraudulent joinder." Plaintiff's remand motion asserts to the contrary. Specifically, Plaintiff asserts, "[a] fair reading of Tackett's Complaint reveals facts that could entitle her to relief under any and all of her claims...." Pl.'s Mem. in Supp. of Mot. to Remand [16] at 12. In her Renewed Motion for Remand-Related Discovery, Plaintiff repeatedly asserts her complaint states a cognizable cause of action against Advanced Healthcare. Yet at the same time, Plaintiff asserts a need to conduct a broad range of discovery for remand purposes. Plaintiff does not explain, and the court cannot discern, why any discovery is necessary for remand purposes here. Indeed, even if the court were to permit such discovery and assuming plaintiff identified all evidence favorable to her, such evidence would not be relevant on the issue of whether the complaint states a cognizable cause of action as pled. In this case, the requested discovery is simply not necessary for resolution of the remand-related issue. Lacking such necessity, this discovery would not be appropriate under *Smallwood*.

## Plaintiff's Motion for Joinder

Plaintiff further moves to join Pontotoc LTC, Inc. as a party defendant. The motion is not separately pled but is a duplicate of Plaintiff's Motion for Reconsideration [27] of the Court's Order [26] denying Remand-Related Discovery, in which joinder is also discussed.

When a plaintiff files an amended pleading (or in this case, seeks to join a non-diverse defendant) that would deprive the Court of its diversity jurisdiction, section 1447(e) requires the court to scrutinize the attempted amendment. *Parker v. CitiMortgage*, No. 2:14cv173-KS-MTP, 2015 WL 2405168, at *2 (S.D. Miss. May 20, 2015); *see also Albritton v. W.S. Badcock Corp.*, Nos. 1:02-cv378-D-D, 1:02-cv379-D-D, 2003 WL 21018636, at *2 (N.D. Miss. Apr. 7, 2003).

Joinder of a non-diverse defendant following removal is scrutinized pursuant to the factors set forth in *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). *Parker,* at *2. The *Hensgens* factors are: (1) "the extent to which the purpose of the amendment is to defeat federal jurisdiction;" (2) "whether the plaintiff has been dilatory in asking for the amendment;" (3) "whether the plaintiff will be significantly injured if amendment is not allowed;" and (4) "any other factors bearing on the equities." *Hensgens*, 833 F.2d at 1182.

First, the court finds Plaintiff is not attempting to join Pontotoc LTC, Inc. for the sole purpose of defeating federal jurisdiction. Presently, the complaint names Advanced Healthcare, also a non-diverse party, as Plaintiff's employer. But, Plaintiff is unsure if her actual employer is, instead, Pontotoc LTC, Inc. She does not wish to make different allegations against Pontotoc LTC, Inc. than those already asserted against Advanced Healthcare.

Second, the court is not persuaded Plaintiff has been dilatory in seeking to add Pontotoc LTC, Inc. Arguably, the plaintiff might have earlier recognized her paychecks reference Pontotoc LTC, Inc. as her employer. But, the business by which she was employed did business as a dba, rather than in the name of the legal entity which owned the business. As such, the court finds this element weighs in favor of the amendment.

The third factor weighs heavily against the amendment. Joinder at this juncture does not have any relevance to the remand-related issues presently pending before the court or with respect to the current motion to dismiss by Advanced Healthcare. Plaintiff can re-urge her motion in the event the court determines it has jurisdiction to hear this matter.

Finally, the court must consider other equitable factors to determine whether Pontotoc LTC, Inc. should be joined as a party to this action. In this regard, the undersigned may properly consider the futility of allowing an amendment. *Dorsey v. Tadlock*, No. 2:12cv17-B-A, 2013

WL 5372800, at *1 ("It is within the district court's discretion to deny a motion to amend if it is futile.") (citing *Stripling v. Jordan Prod. Co.*, LLC, 234 F.3d 863, 872–73 (5th Cir.2000)). In this case, the exact same cause of action Plaintiff proposes to assert against Pontotoc LTC, Inc has already been asserted against Advanced Healthcare. A motion to dismiss for failure to state a cause of action is presently pending on that claim. The district judge will independently determine the merits of that motion. But for futility analysis purposes, the undersigned notes the arguments in support of the motion to dismiss are seemingly persuasive. For example, the complaint alleges Plaintiff's employer, Advanced Healthcare, withheld premiums at her direction to pay for coverage of her husband's life insurance under a policy issued by Defendant Guardian. She further alleges the premiums were paid, but when her husband died, Guardian denied the claim. According to her complaint, Guardian denied the claim because she failed to offer the required proof of insurability when she applied for the insurance. *See* Exh. J to Compl. [1-3] at 349. It is unclear to the undersigned how these alleged facts could give rise to a colorable claim against Advanced Healthcare. However, the undersigned does not hold that the complaint fails to state a cause of action or that the amendment would necessarily be futile. It does hold this issue weighs in favor of disallowing the amendment.

## Conclusion

For the reasons explained *supra*, the court finds remand-related discovery is unnecessary under the guidelines of *Smallwood* and the *Hensgens* factors weigh against adding Pontotoc LTC, Inc. as a party defendant at this time. Therefore, Plaintiff's Renewed Motion for Remand-Related Discovery and Plaintiff's Motion for Joinder are both hereby **DENIED**. Defendant Guardian hereby is allowed seven (7) days from the date of this order to respond to the Plaintiff's

Motion to Remand. Plaintiff's Reply is due seven (7) days after the filing of Defendant

Guardian's Response.

**SO ORDERED** this, the 5th day of August, 2015.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**