IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

DIANNE TACKET                                                                                          PLAINTIFF

V.                                                                        CIVIL ACTION NO. 3:15CV45-NBB-JMV

GUARDIAN LIFE INSURANCE COMPANY
OF AMERICA, ADVANCED HEALTHCARE
MANAGEMENT D/B/A GRACELAND CARE
CENTER, AND JOHN DOE                                                                             DEFENDANTS

**MEMORANDUM OPINION**

This cause comes before the court upon the plaintiff's objections to the magistrate judge's order denying her motion to amend the complaint and the text order terminating as moot her motion to stay. Upon due consideration of the motion, response, and applicable authority, the court is ready to rule.

Factual and Procedural Background

The plaintiff, Dianne Tacket, filed this action on February 11, 2015, in the Circuit Court of Pontotoc County, Mississippi, asserting claims against the defendants for breach of contract, promissory estoppel based on written contract, promissory estoppel based on oral representations, negligence, post-claim underwriting, fraud in the inducement and/or negligent misrepresentation and failure to procure, bad faith, and negligent infliction of emotional distress. The plaintiff asserts that defendant Guardian Life Insurance Company of America ("Guardian") improperly denied her claim for the full benefit allegedly owed to her pursuant to a group life insurance policy upon the death of her husband.

Guardian removed the case to this court on March 25, 2015, asserting federal question jurisdiction pursuant to 28 U.S.C. § 1331 based on its assertion that the plaintiff's claims are preempted by the Employee Retirement Income Security Act of 1974 (ERISA), §§ 29 U.S.C.

1001-1461. Guardian also removed on the basis of diversity jurisdiction, asserting that the non-diverse defendant, Advanced Healthcare, was fraudulently and improperly joined as a defendant to defeat diversity jurisdiction.  Advanced Healthcare filed a motion to dismiss, and the plaintiff moved to remand.  Guardian opposed the motion to remand, arguing primarily that the plaintiff's claims are governed by ERISA and that removal was, therefore, proper.

The court issued a memorandum opinion and order denying both motions on March 16, 2016.  The court found the existence of an "employee welfare benefit plan" as defined by ERISA and that "the damages sought by the plaintiff and the claims upon which they are grounded are unquestionably based on the plaintiff's alleged right to receive benefits under the terms of an ERISA plan, and the claims directly affect the relationship among traditional ERISA entities...." Accordingly, the court found that the plaintiff's claims are preempted by ERISA.  The court, however, refused to dismiss Advanced Healthcare from the case at that time until the question is answered as to what happened to the additional premium payments allegedly retained by Advanced Healthcare.

The plaintiff then moved to amend her complaint, but the magistrate judge denied the motion based on futility, as "the proposed amended complaint simply restates the very same eight (8) state law causes of action that were asserted in the initial Complaint – claims which this court has already ruled are entirely preempted by ERISA."  The magistrate judge offered the plaintiff the opportunity to submit another motion for leave to amend her complaint to assert ERISA claims and name proper parties.  Instead, the plaintiff filed her objections to the magistrate judge's order, which the undersigned district judge addresses herein.

## Standard of Review

Pursuant to Federal Rule of Civil Procedure 72(b)(3), when a litigant objects to a magistrate judge's ruling, the district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." The district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Pullman-Standard v. Swint*, 456 U.S. 273, 284 (1982) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

## Analysis

In the instant case, the court's clarification of an issue addressed in its memorandum opinion and order denying both the plaintiff's motion to remand and Advanced Healthcare's motion to dismiss should resolve this matter. As the magistrate judge and the defendants note, the court found that the plaintiff's state law claims are preempted by ERISA. The plaintiff, however, is correct in her assertion that the court found her claims against Advanced Healthcare sufficient to overcome the defendant's motion to dismiss, as the court was unwilling to dismiss Advanced Healthcare as a defendant from this action until the question is answered "[W]here did the additional payment retained by Advanced Healthcare go if not to Guardian?" Though unwilling to dismiss this party at the Rule 12(b)(6) stage of the litigation without an explanation of this matter, the court did assume that the plaintiff would amend her complaint to comport with ERISA. She did not.

The plaintiff's proposed First Amended Complaint asserts the same causes of action against Pontotoc LTC, the entity that was the plaintiff's actual employer (as opposed to Advanced Healthcare, as the plaintiff had asserted in her original complaint), and a company known as Integrity Group, which, according to the plaintiff, is the insurance agent responsible for calculating the amount of premiums to be withheld from the plaintiff's wages. In addition to seeking to add these parties as defendants, the plaintiff also seeks to assert an additional claim for an accounting, but, as the magistrate judge noted, she does not bring this claim under ERISA either.

Instead the plaintiff asserts in her proposed First Amended Complaint that Advanced Healthcare, Pontotoc LTC, and Integrity Group "negligently calculated, withheld, and maintained premiums in excess of the amount billed by Guardian and are jointly and severally liable to the Plaintiff for her damages related to same." As the defendants assert, these allegations clearly "relate to" the plaintiff's claim for benefits under a policy which this court has previously determined to be governed by ERISA. The plaintiff's claim for an accounting, like her other state law claims, is preempted by ERISA. "State law claims, regardless of how they are pleaded, are preempted if they 'relate to' an ERISA plan." *Epps v. NCNB Texas*, 7 F.3d 44, 45 (5th Cir. 1993). "When a court must refer to an ERISA plan to determine the plaintiff's retirement benefits and compute the damages claimed, the claim relates to an ERISA plan." *Id.* To determine whether and to what extent the plaintiff overpaid her premiums, the court would be required to refer to the ERISA plan. The plaintiff's claim for an accounting thus "relates to" the ERISA plan and is preempted.

Like the defendants and the magistrate judge, the court is perplexed by the plaintiff's attempt to state the same state law causes of action set forth in her original complaint while omitting the assertion of any claim for relief under ERISA, in light of the court's previous ruling that those claims are preempted by ERISA. The court finds that the plaintiff should be allowed to file an amended complaint, but as it stands now, the plaintiff's First Amended Complaint is indeed, as the magistrate judge determined, futile. The court will, however, allow the plaintiff seven days to resubmit a proposed amended complaint comporting with the foregoing analysis and with the magistrate judge's ruling. As the magistrate judge stated in her order, the plaintiff "should assert her claims pursuant to ERISA, including identifying the sections of ERISA on which she relies for relief and naming proper party defendants therein."

The court finds that the magistrate judge's order denying the plaintiff's motion to amend or correct her complaint is not clearly erroneous. The plaintiff's objections to said order are, therefore, overruled.

The plaintiff also objects to the magistrate judge's text order terminating as moot her motion to stay. In the objection addressed herein, the plaintiff moves the court to stay the deadlines related to discovery and jury demand until all necessary and proper parties are before the court. Her original motion to stay, however, simply moved the court to stay said deadlines "until this Court has ruled on Plaintiff's Motion for Leave to Amend Complaint...." The court finds that the magistrate judge properly terminated said motion as moot upon ruling on the plaintiff's Motion for Leave to Amend Complaint. A reversal of the magistrate judge's ruling on the motion to stay, as it was originally presented, is therefore inappropriate.

Conclusion

For the foregoing reasons, the court finds that the plaintiff's objections to the magistrate judge's ruling denying her motion to amend the complaint are overruled. The plaintiff's objection to the magistrate judge's denial of the motion to stay is likewise overruled. The court will, however, allow the plaintiff to amend her complaint to restate her claims under ERISA. A separate order in accord with this opinion shall issue this day.

This, the 21st day of November, 2016.

 /s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**